United States District Court
Southern District of Texas
**ENTERED**
December 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON CALLAHAN III, (Inmate # 01332880) | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-22-4176 |
| LYNN NGUYEN, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Milton Callahan III, (Inmate #01332880), is currently detained in the Harris County Jail. Representing himself, he filed a civil rights complaint under 42 U.S.C. § 1983 against the Honorable Judge Christopher Dean Morton, who is presiding over Callahan's pending state-court criminal proceedings; Assistant District Attorney Lynn Nguyen, who is the prosecutor on the case; and his court-appointed attorney, Neal Davis III. (Docket Entry No. 1). Callahan alleges that the defendants violated his constitutional rights during bond revocation proceedings.

Because Callahan is a prisoner seeking relief from the government, the court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 42 U.S.C. § 1997e(c) (providing for screening of suits by prisoners under § 1983). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

exist." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). In addition, the court may dismiss the complaint, or any portion of the complaint, if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). Having conducted this required screening, the court dismisses Callahan's action for the reasons explained below.

## I. Background

Publicly available records show that Callahan is currently in jail on charges of aggravated assault on a public servant and evading arrest with a vehicle. *See* https://harriscountyso.org/JailInfo (last visited December 14, 2022). On December 2, 2022, Callahan filed a "Prisoner's Civil Rights Complaint," naming Judge Morton, ADA Nguyen, and Attorney Davis as the only defendants. (Docket Entry No. 1, p. 3). Callahan alleges that Judge Morton violated Callahan's constitutional rights by denying bond after a long delay in the bond revocation proceedings. (*Id.*). He alleges that ADA Nguyen violated his rights by initiating the bond revocation proceedings on a technical violation. (*Id.*). And he alleges that Attorney Davis violated his rights by "setting aside" certain hearings, resulting in harm to Callahan. (*Id.*). As relief, Callahan asks this court to set a reasonable bond, dismiss the bond revocation proceeding, and award compensation for his pain and suffering. (*Id.* at 4).

## II. Analysis

### A. Damages Claims

#### 1. Claim Against Judge Morton

While § 1983 provides a remedy for violations of federal law by state officials, *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004), state-court judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v.*

*Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). A plaintiff may overcome judicial immunity only when either (1) the claims allege liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity, or (2) the claims allege liability for actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* at 11-12.

In determining whether a judge's actions were "judicial in nature," courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.* Allegations that a judge made improper or erroneous rulings are not sufficient to deprive a judge of judicial immunity. *See Mays*, 97 F.3d at 111. Even allegations that rulings were made as a result of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles,* 502 U.S. at 11; *Mays,* 97 F.3d at 111.

Callahan's complaint does not allege any actions taken by Judge Morton that were nonjudicial in nature. Decisions about when and whether to set bond are normal judicial actions. Orders reflecting those decisions are normally entered either in the courtroom or the judge's chambers. Callahan's claims arise directly out of his currently pending criminal case. And Callahan does not allege facts showing that Judge Morton was acting in the complete absence of jurisdiction over the criminal case.

Because all of Callahan's allegations against Judge Morton are for actions that are judicial in nature, Judge Morton is protected by judicial immunity. Callahan's damages claim against Judge Morton is dismissed under 28 U.S.C. § 1915A(b) as frivolous, as seeking monetary relief from a defendant immune from that relief, and for failing to state a claim upon which relief can be granted.

### 2. Claim Against ADA Nguyen

Callahan alleges that Nguyen, in her capacity as an Assistant District Attorney, violated his rights by initiating bond revocation proceedings for a technical violation. (Docket Entry No. 1, p. 3). Prosecutors are entitled to absolute immunity from civil-rights claims for initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000). This prosecutorial immunity extends to all activities "intimately associated with the judicial phase of the criminal process" and taken in the prosecutor's role as an advocate for the State. *Imbler*, 424 U.S. at 430-31.

Callahan's claim against ADA Nguyen is related to her actions in initiating and pursuing the criminal prosecution against him and in her role as an advocate for the State. Because these actions are part of the judicial phase of the criminal process, ADA Nguyen is entitled to absolute immunity from Callahan's claim. The claim against ADA Nguyen is dismissed under 28 U.S.C. § 1915A(b) as frivolous, as seeking monetary relief from a defendant immune from that relief, and for failing to state a claim upon which relief can be granted.

### 3. Claim Against Attorney Davis

Callahan alleges that his court-appointed counsel, Attorney Davis, violated his rights by "setting aside" a writ of habeas corpus and a bail review hearing, resulting in harm. (Docket Entry No. 1, p. 3). Section 1983 provides a cause of action for plaintiffs seeking a remedy for a violation of federal law by state actors and those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Neither public defenders nor appointed private criminal defense attorneys act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson, 454 U.S. 312,* 325 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (the plaintiff's ineffective assistance of counsel damages claims against appointed defense counsel could not proceed in a § 1983 action "because his attorney is not a state actor"); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

As counsel appointed to represent Callahan, Attorney Davis is acting on behalf of Callahan in Callahan's criminal proceedings rather than on behalf of the State of Texas or under color of state law. Callahan has no viable claim under § 1983 against Attorney Davis for his actions taken while representing Callahan. The claim against Attorney Davis is dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

### B. Claims for Injunctive Relief

Callahan also seeks injunctive relief in the form of an order from this court setting a reasonable bond and dismissing the revocation proceedings. This court may not do so under *Younger v. Harris*, 401 U.S. 37, 54 (1971). The *Younger* doctrine requires federal courts to decline

to exercise jurisdiction over lawsuits when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).[1] In determining whether the current federal proceeding would interfere with an ongoing state proceeding, the court considers whether "the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (quoting *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002)).

Callahan's claims meet all three requirements for abstention under *Younger*. Any decision by this court on the propriety of Judge Morton's ruling on an appropriate bond would directly interfere with the ongoing revocation proceedings in the state court. The State of Texas has an important interest in enforcing its criminal laws. *See Younger,* 401 U.S. at 45. Callahan has an adequate opportunity to challenge Judge Morton's rulings in the state-court proceedings or through an appeal. And to the extent that Callahan askes this court to dismiss the state-court bond revocation proceedings, such an order "is precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014).

To the extent that Callahan's complaint seeks injunctive relief, this court declines to consider his claims under *Younger*.

---

[1] Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Callahan does not allege facts showing that any of these exceptions apply in this case.

## III.   Conclusion

Callahan's complaint is dismissed with prejudice under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted. All pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on December 19, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge